# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANIBAL TOMAS CARRILLO,<br><br>Defendant. | Case No. 19CR0021-H<br><br>ORDER DENYING DEFENDANT'S MOTION FOR BAIL OR RELEASE AND AFFIRMING THE MAGISTRATE JUDGE'S DETENTION ORDER<br><br>(Doc. No. 38.) |

Pending before the Court is Defendant Anibal Tomas Carrillo's ("Defendant") motion for this Court to review the Magistrate Judge's detention order (Doc. No. 38) filed on April 30, 2020. The Government filed its opposition to the Defendant's motion on May 7, 2020. (Doc. No. 40.) The Defendant is facing allegations that he violated the terms of his supervised release. (Doc. No. 26.) The Court has jurisdiction to hear this matter under Title 18 U.S.C. § 3145(b) and is required to determine the Defendant's motion promptly. A district judge reviews *de novo* a magistrate judge's detention order. United States v. Koenig, 912 F.2d 1190 (9th Cir. 1990). Under Koenig, a district judge is to make his or her own *de novo* determination of the facts without deference to the magistrate judge's ultimate conclusion. However, "the district court is not required to start over in every case, and proceed as if the magistrate's

-1-

decision and findings did not exist." Id at 1193.

The Bail Reform Act ("BRA"), Title 18 U.S.C. § 3142(g), requires the Court to consider certain factors in determining whether to detain or release a defendant: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

When considering the nature of the offenses charged, the Court also considers the penalties associated with the charges. United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990). Additionally, "the weight of the evidence is the least important of the various factors." United States v. Motamedi, 767 F.2d 1403, 1408 (9th Cir. 1985) (internal citations omitted). Although immigration status is not a listed factor to consider in determining bail, "[a]lienage may be taken into account, but it is not dispositive." United States v. Santos-Flores, 794 F.3d 1088, 1090 (9th Cir. 2015). However, "[a] defendant's immigration detainer is not a factor in this analysis, whether as evidence for or against a finding that the defendant poses a risk of nonappearance." United States v. Diaz-Hernandez, 943 F.3d 1196, 1199 (9th Cir. 2019). Furthermore, the Court is prohibited from imposing a financial condition that would result in the de facto detention of a defendant. 18 U.S.C. § 3142(c)(2); See also

Diaz-Hernandez at 1199. (Affirming the district judge's detention order based on the district court's finding that the defendant would not be able to post bond in the amount that the district judge theorized would reasonably assure the defendant's appearance.).

Since the Defendant is facing revocation of supervised release proceedings, "Rules 32.1 and 46(c) [of the Federal Rules of Criminal Procedure] provide statutory authorization for bail pending the revocation hearing and direct that the motion be adjudicated in accordance with the provisions of 18 U.S.C. § 3143." United States v. Loya, 23 F.3d 1529, 1530 (9th Cir. 1994). The "provisions of 18 U.S.C. § 3143 govern release pending sentencing… [and] [t]he burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46. Accordingly, under § 3143 and Fed. R. Crim. P. 46, the Defendant must prove by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community. Furthermore, a defendant subject to the provisions of § 3143 "may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate" under Title 18 U.S.C. § 3145(c). Under § 3145(c), the Court is required to consider a "wide range of factors" as articulated in United States v. Garcia, 340 F.3d 1013, 1019 (9th Cir. 2003) and "should examine the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors or combination of factors[,]" the Court should release a defendant for "exceptional reasons."

Title 18 U.S.C. § 3142(i) governs the temporary release of a defendant under the BRA. § 3142(i) provides in pertinent part that "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." Courts have held that in analyzing what constitutes a "compelling reason," a judicial officer "must make a particularized finding of

-3-

necessity" and as such a "case-by-case approach" is required in making an assessment under § 3142(i). United States v. Stephenson, 2020 WL 1811353 at *3 (W.D. Ky. Apr. 8, 2020) (Simpson, J.); see also United States v. McKnight, 2020 WL 1872412 at *3 (W.D. Wash. Apr. 15, 2020) (Zilly, J.)

The Defendant's family ties to the United States including family support weighs in favor of setting bail. (Doc. No. 38 at 2.) However, the Defendant has committed a new felony immigration offense while on supervised release. (Doc. No. 40 at 3.) This fact leaves the Court with little confidence that the Defendant will comply with the Court's order to appear for further proceedings. Additionally, the Defendant has two prior state court convictions for inflicting corporal injury on a cohabitant and for false imprisonment (Doc. No. 40 at 5), weighing against setting bail in this case and further demonstrating the Defendant's disregard for the law. Furthermore, the Defendant has been previously deported and removed from the United States on three prior occasions (Doc. No. 40 at 4), indicating an unwillingness to comply with lawful orders. The potential sanctions the Defendant is facing for the revocation of supervised release proceedings in this case and the sentencing proceedings in the Defendant's new case, Case No. 20CR0809-H, weigh in favor of detention. Lastly, minor factors including the weight of the evidence and the Defendant's status as a non-citizen of the United States (Id), both weigh against setting bail in this case. Based on these factors, the Court cannot find by clear and convincing evidence that the Defendant is not likely to flee and concludes that detention under the BRA is warranted.

The Defendant argues that the COVID-19 ("virus") outbreak warrants setting bail in this case and that "the Eighth Amendment forbids placing a frail individual at risk" in a detention facility. (Doc. No. 38 at 12.). However, "as concerning as the COVID-19 pandemic is, resolving an appeal [or review] of an order of detention must in the first instance be an individualized assessment of the factors identified by the Bail Reform Act[.]" United States v. Martin, 2020 WL 1274857, at *3 (D. Md. Mar.

17, 2020) (Grimm, J.); Diaz-Hernandez at 1199 ("[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in § 3142(g)."); See also United States v. Lee, No. 19-CR-298 (KBJ), 2020 WL 1541049, at *7 (D.D.C. Mar. 30, 2020) (Jackson, J.) ("[T]he generalized risks posed by the COVID-19 pandemic do not alter the individualized balance of the statutory factors that Congress prescribed for determining the propriety of the defendant's detention in this particular case[.]").

Although the impact of the current pandemic on the detention facilities is of course concerning to the Court, there is no evidence in record that the Defendant suffers from any underlying medical condition or is a "frail individual" that would put himself at risk of developing severe symptoms of a virus infection. See Lee at *4 ("[P]ersonal circumstances are not like those of other defendants for whom COVID-19 has a readily material bearing—e.g., those who have underlying medical conditions[.]"). Additionally, as the Government outlined in its response, the detention facilities are taking active precautions to limit the potential spread of the virus within its facilities. (Doc. No. 40 at 7.) Under these circumstances and because the Court is required to make an individualized determination, the Court, weighing the "wide range of factors" articulated in Garcia, concludes that there are no exceptional reasons to release the Defendant under § 3145(c). Additionally, under these circumstances, the Court finds that there are no compelling reasons to temporarily release the Defendant under § 3142(i). See Stephenson at *3. Furthermore, the Court cannot find grounds under the Eighth Amendment to order the Defendant's release from custody.

The Defendant argues that the Fifth Amendment right to due process and the Sixth Amendment right to counsel further weighs against the Defendant's continued detention, due to the detention facility implementing procedures restricting in-person legal and social visits. Based on the Court's understanding, the detention facility is permitting telephonic legal visitations, balancing the Defendant's rights to legal representation and the safety of the inmates. The very fact that the detention facility is

restricting in-person legal and social visits is evidence that the detention facility is taking active precautions to limit the spread of the virus, undercutting the Defendant's argument to the contrary. Accordingly, the Court cannot find grounds to release the Defendant under the Fifth and Sixth Amendments.

After *de novo* review of the entire record before the Court and weighing the appropriate factors in determining bail, the Court concludes that the Magistrate Judge's detention order is fully supported by all the facts and circumstances of this case. The Court cannot find by clear and convincing evidence that the Defendant is not likely to flee, cannot find exceptional reasons to release the Defendant under § 3145(c), cannot find compelling reasons to temporarily release the Defendant under § 3142(i), and cannot find grounds to release the Defendant under the Fifth, Sixth, and Eighth Amendments. Accordingly, the Court DENIES the Defendant's motion to set bail in this case and AFFIRMS the Magistrate Judge's detention order. Should circumstances surrounding the Defendant's custodial setting change, the Defendant may request that the Court conduct another bail review. See United States v. Lopez, No. 2:16-cr-00265-GMN-CWH-2, 2019 WL 2393609, at *1 (D. Nev. June 5, 2019) (Navarro, C.J.) ("The party requesting modification must establish that new information exists that was not known to him or her at the time of the initial detention hearing, and that this new information is material to his or her release conditions regarding flight or dangerousness.") (internal citations and quotations omitted).

IT IS SO ORDERED.

DATED: May 8, 2020

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE